J-M06004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NOAH SADOWSKI :
:
Petitioner : No. 68 WDM 2024

Appeal from the Order Entered August 21, 2024,
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002846-2024

BEFORE: SULLIVAN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.: **FILED: December 30, 2024**

Petitioner, Noah Sadowski ("Sadowski"), appeals the denial of his "2nd Petition for Specialized Review" ("Petition"), which denied his petition to modify bail. Upon review, we affirm.

It is alleged that on April 7, 2024, Sadowski and a conspirator pushed into a man's house, duct-taped and handcuffed him, threatened to kill him and his family and subjected him to hours of physical abuse. **See** N.T., 7/30/24, at 15-17. Sadowski was charged with 32 counts, including burglary, robbery, aggravated assault, kidnapping, strangulation, conspiracy, and other offenses.[1] The Honorable Edward J. Borkowski held a bail hearing on April 15, 2024, at which the Commonwealth offered no witnesses, only a report,

---

[1] See 18 Pa.C.S.A. §§ 3502, 3701, 2702, 2901, 2718, 903.

photographs, and a letter from the alleged victim, Jon Olson ("Olson"). On April 25, 2024, the court issued an order denying bail. Sadowski filed a Petition for Specialized Review, claiming the Commonwealth failed to meet its burden to prove he represented a danger to any person that could not be abated using available bail conditions. *See* Petition for Specialized Review, 5/21/24, at 7-11. On July 24, 2024, this Court issued a Judgment Order Per Curiam remanding the case for the trial court to enter an order granting bail.

Upon remand to the trial court, the court held a hearing on July 30, 2024, at which it acknowledged it lacked a proper basis to deny bail and stated its intent to grant bail. *See* N.T., 7/30/24, at 3-6. The Commonwealth requested permission to present evidence in support of the denial of bail. It contended, in the interest of judicial economy, supplementation of the record was the most prudent course of action; otherwise, it would file a subsequent motion to modify bail in short order. *See id*. at 4-6. The trial court agreed. Although Sadowski asserted the trial court was required to comply with this Court's remand order, he stated his readiness to proceed with a bail hearing pursuant to *Commonwealth v. Talley*, 265 A.3d 485 (Pa. 2021). At the ensuing *Talley* hearing, the Commonwealth presented Olson, the victim, and he testified that Sadowski and a conspirator burst into his house, shoved a sock into his mouth, and duct-taped over it, handcuffed him, and over the course of four hours, burned him with cigarettes, cut him with knives, pistol-whipped him, beat him, superglued his eyes shut, sharpened a knife in his

view and held a gun to his head, and threatened to kill him. **See** N.T., 7/30/24, at 15-17, 27. The court also heard the testimony of Lindsay Black, a bail agent, who described the use of electronic home monitoring ("EHM") and testified someone on EHM could leave their residence at 5:00 p.m. and law enforcement might not be notified until 8:30 a.m. the next morning, **see id**. at 35-40. Tanisha Long, testified she was willing to have Sadowski reside with her,[2] that Sadowski did not have a car, a phone, or bank account, and would have to take four of five buses to get from his residence to the victim's home, **see id**. at 40-42. At the conclusion of the hearing, the court denied bond, finding the Commonwealth met its burden to prove it was substantially more likely than not Sadowski would harm someone if released and no condition within the court's power could reasonably prevent Sadowski from doing so. **See id**. at 50-53.

On August 5, 2024, Sadowski filed an application to enforce this Court's July 24, 2024 order. The Commonwealth responded and Sadowski responded to the Commonwealth's response. On August 8, 2024, this Court denied Sadowski's petition, indicating it had reviewed the notes of testimony of the July 30, 2024 hearing and the trial court properly considered a full record. **See** Order, 8/9/24.

---

[2] Ms. Long gave this testimony at the April 15, 2024 hearing. **See** N.T., 4/15/24, at 7. The court admitted incorporated that testimony into evidence at the July 30, 2024 hearing. **See** N.T., 7/30/24, at 43.

On August 15, 2024, Sadowski filed a new bail motion and a motion for recusal. The trial court granted recusal and transferred the case to Judge Alexander P. Bicket. On August 21, 2024, Judge Bicket denied the motion without a hearing, stating that circumstances had not changed since this Court's affirmance, thirteen days earlier, of the trial court's denial of bond after a *Talley* hearing. *See* Order of Court, 8/21/24.

On September 12, 2024, Petitioner filed the instant Petition under Pa.R.A.P. 1610,[3] presenting three issues for our review:

> 1. Did the motions court deny [Sadowski] his right to litigate the motion for bail before a neutral and impartial tribunal where the motions court adopted an adversarial and prosecutorial posture through the entire proceeding by testifying as its own witness, cross-examining [Sadowski's] witnesses, and by failing to hold the Commonwealth to its burden of proof at two previous bail hearings?
>
> 2. Assuming the motions court denied [Sadowski] a neutral and impartial forum in which to litigate his motion for bail, did the trial court err when it denied [Sadowski's] motion for modification of bail without a hearing based on the record from the hearing before the motions court?
>
> 3. Did [the Superior] Court err when it denied the Application for Emergency Relief and affirmed the motions court order denying [Sadowski] bail based on an issue that was not presented to the Court in the Application for Emergency Relief?

---

[3] Rule 1610 provides in relevant part, "[w]here the trial court enters an order under Pa.R.A.P. 1762(b) granting or denying release or modifying the conditions of release before sentence, a party may seek review of that order by filing a petition for specialized review in the appellate court that would have jurisdiction over the appeal from the judgment of sentence." Pa.R.A.P. 1610.

2nd Petition, at 7 (punctuation and capitalization standardized). The Commonwealth did not file a response.

At the outset, we observe that, in light of our Supreme Court's decision in ***In the Interest of N.E.M.***, 311 A.3d 1088 (Pa. 2024), wherein the Court held that this Court "lacks discretion to decide whether to grant or deny these petitions for specialized review," review of the merits of the instant petition is now mandatory. ***Id.*** at 1101. Although ***N.E.M.*** addressed Rule 1612 petitions for specialized review relating to juvenile out-of-home placement, its rationale is equally applicable to Rule 1610 petitions for specialized review of bail. ***See Commonwealth v. Miller***, 319 A.2d 575, 580 (Pa. Super. 2024). The ***N.E.M.*** Court explained that, unlike Chapter 13 of our Rules of Appellate Procedure, which governs interlocutory appeals by permission, Chapter 16 evidences a "mandatory nature" for petitions for specialized review and provides a "procedure for appellate review of certain discrete issues." ***N.E.M.***, 311 A.3d at 1099 (citation omitted). The Court further explained that Rule 1601 "controls how appellate review will be afforded, not how a party can seek permission to appeal." ***Id.*** Thus, we turn to the merits of the instant Petition.

This Court reviews orders denying bail for an abuse of discretion, reversing only where the trial court misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will. ***See Commonwealth v. Bishop***, 829 A.2d 1170, 1172 (Pa. Super. 2003). Moreover, this Court's scope of review from the denial of bail is limited to the record evidence adduced at

the bail hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party. **_See Talley_**, 265 A.3d at 527. This Court will affirm the trial court's denial of bail "[i]f [the court's] factual findings are supported by competent evidence of record, and [its] legal conclusions drawn therefrom are correct[.]" **_Id._**

Article I, Section 14 of the Pennsylvania Constitution addresses the right to bail, with certain exceptions. It provides, in pertinent part:[4]

> All prisoners shall be bailable by sufficient sureties . . . unless no condition or combination of conditions other than imprisonment will reasonably assure the safety of any person and the community when the proof is evident or presumption great.

Pa. Const. art. I, § 14 (emphasis added).

In **_Talley_**, our Supreme Court conducted a thorough analysis of a defendant's right to bail pursuant to Article I, Section 14 of the Pennsylvania Constitution. The Court concluded:

> [A] trial court may deny bail under Article I, Section 14 when the Commonwealth's proffered evidence makes it substantially more likely than not that the accused . . . presents a danger to any person and the community, which cannot be abated using any available bail conditions. That determination requires a qualitative assessment of the Commonwealth's case.

---

[4] Bail is defined as "the security or other guarantee required and given for the release of a person, conditioned upon a written undertaking, in the form of a bail bond, that the person will appear when required and comply with all conditions set forth in the bail bond." Pa.R.Crim.P. 103. The fundamental purpose of bail is to ensure the accused's presence at trial. **_See Talley_**, 265 A.3d at 515 n.18.

*Talley*, 265 A.3d at 525-26 (footnote omitted). The Court provided a non-exhaustive list of factors a trial court should consider in denying bail, which include: (1) the defendant's character; (2) relevant behavioral history or past patterns of conduct; (3) the gravity of the charged offense; (4) the conditions of bail reasonably available to the court; and (5) any evidence that tends to show those conditions would be inadequate to ensure the protection of any person or the community.[5] *See id.* at 525. Proffered evidence must be competent and reliable to support the denial of bail; "[i]f the balance of the evidence is rife with uncertainty, legally is incompetent, requires excessive inferential leaps, or lacks any indicia of credibility, it simply is not evident

---

[5] These factors largely mirror or overlap with factors set forth in Pa.R.Crim.P. 523(A), Release Criteria, including:

> (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty; (2) the defendant's employment status and history, and financial condition; (3) the nature of the defendant's family relationships; (4) the length and nature of the defendant's residence in the community, and any past residences; (5) the defendant's age, character, reputation, mental condition, and whether addicted to alcohol or drugs; (6) if the defendant has previously been released on bail, whether [he] appeared as required and complied with the conditions of the bail bond; (7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape; (8) the defendant's prior criminal record; (9) any use of false identification; and (10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

Pa.R.Crim.P. 523(A).

proof, nor can it give rise to a great presumption, that the accused is not entitled to bail." *Id.* at 526.

Here, although Judge Bicket's order denying the modification of bail is at issue, we must also discuss Judge Borkowski's previous denial of bail because they are connected. At the July 30, 2024, Judge Borkowski found the Commonwealth demonstrated it was "substantially more likely than not [Sadowski] will harm someone if released . . . [a]nd there's no condition [in] the court's power that reasonably can prevent [Sadowski] from inflicting such harm." N.T., 7/30/24, at 52. The court specifically found electric home monitoring is nothing more than an alert and would not suffice given its shortcomings and the seriousness of the threats made during the alleged incident. *See id*. at 52-53.

Concerning bias, the appearance of impropriety is sufficient to warrant recusal without a showing of actual bias. *See Lomas v. Kravitz*, 130 A.3d 107, 122 (Pa. Super. 2015). However, the law presumes judges are honorable, fair, and competent and can rule in an impartial manner. *See id*.

To the extent Sadowski challenges the trial court's impartiality, the record does not support his claim. The court recognized its error in failing to require the Commonwealth to present sufficient evidence at the prior hearing and stated the intention to grant bail, *see* N.T., 7/30/24, at 3, 7. The court did not show bias by determining that judicial economy and the need to preserve limited judicial resources would best be served by conducting a *Talley* hearing rather than grant bail outright. The court was correctly

persuaded if it granted bail, the Commonwealth would be permitted to file a request for bond review and a **Talley** hearing. **See id**. at 4-5. Thus, judicial economy would best be served by conducting the **Talley** hearing at that time. **See id**. at 3-8. Further, the court's follow up questions of a defense witness how EHM functions, **see id**. at 35-37, did not show bias or, as Sadowski asserts, that the court "testified as its own witness," see 2nd Petition for Specialized Review, 9/12/24, at 10, but instead represented the court's attempt to assess, through questioning, the efficacy of available methods to ensure the victim's safety if it granted bail, a safety factor it was **required** to consider under **Talley**. **See Talley**, 265 A.3d at 525-26. Nothing in the court's conduct demonstrates an unwillingness or inability to rule impartially.

Sadowski's second claim asserts the trial court erred by denying Sadowski's Motion to Modify Bail, which he filed on August 15, 2024, and doing so without a hearing. This Court had denied Sadowski's petition to enforce its original order on August 9, 2024, indicating it had reviewed the notes of testimony of the July 30, 2024 **Talley** hearing and determining the trial court properly considered a full record in reaching its decision. **See** Order, 8/9/24. The trial court denied the new petition on August 21, 2024, noting the absence of changed circumstances in the twelve days between this Court's order upholding the denial of bail in the first petition and the trial court's **decision to deny the second bail petition**. The trial court's assessment appears reasonable under the circumstances. It is reasonable to inquire what the

changed circumstances are for a petition filed so shortly after the denial of a previous petition.  *See* Order of Court, 8/21/24.

In Sadowski's August 12, 2024 motion to modify bail (the second motion), he moves for a hearing at which he will present witnesses about the efficacy of EHM.  *See* Motion to Modify Bail Petition, 8/15/24, at unnumbered 7.  First, Sadowski called an individual knowledgeable about EHM to testify at the 7/30/2024 bail hearing; he could and should have discussed the efficacy of EHM at that time.  Next, Sadowski's desire to present additional evidence does not constitute a change in circumstances sufficient to overcome this Court's finding the trial court had a full record upon which to base its decision pursuant to *Talley* and the trial court's conclusion Sadowski had advanced nothing that would permit it to reach the opposite decision fewer than two weeks after our determination is reasonable.

Finally, we perceive no merit to Sadowski's challenge to our affirmance of the denial in his first Petition for Specialized Review.  This Court did not, as Sadowski asserts, act as the Commonwealth's counsel when it affirmed the denial of bail after the July 30, 2024 hearing.  *See* 2nd Petition for Specialized Review, 9/12/24, at 29-31.  This Court did not advise the trial court to conduct a *Talley* hearing on remand.  Instead, when the court did so, we held the court had acted within its discretion and created a full record on which to base

- 10 -

its denial of bail. *See* Order, 8/9/24. Sadowski did not choose to further appeal our order and cannot ask us to revisit our own prior decision.[6]

Based upon our review of the record, we conclude that the trial court did not abuse its discretion in denying bail.

Accordingly, in light of the foregoing, and pursuant to *N.E.M.*'s and *Miller*'s mandate to consider petitions for specialized review on their merits, we affirm the trial court's August 21, 2024 order.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/30/2024

_____

[6] We note Sadowski does not assert the trial court lacked a proper basis for concluding at the July 30, 2024 hearing the Commonwealth met its burden to prove no condition could reasonably prevent Sadowski from inflicting harm if released. *See id*. at 50-53. Even were we to address that issue, we would find the gravity of the offense and the inadequacy of methods to abate the danger to the victim with available bail conditions.